UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PATRICIA CONKLIN,

    Plaintiff,

v.                                                        Case No: 6:18-cv-636-Orl-40TBS

ONEBEACON AMERICA INSURANCE
COMPANY and ATLANTIC SPECIALTY
INSURANCE COMPANY,

    Defendants.

## ORDER

This case comes before the Court without a hearing on Plaintiff's Motion for Sanctions.[1] Defendants have filed their response and the dispute is ripe for disposition.[2] For the reasons that follow, the motion is due to be **denied**.

After Plaintiff Patricia Conklin was injured in an accident she made a claim for benefits under an insurance policy provided by Defendants.[3] They told Plaintiff her claim would be covered as a "non-occupational accident."[4] Plaintiff contends that her injuries qualify as an "occupational accident" which classification provides more coverage than is available for a "non-occupational accident."[5] Defendants removed the case to this Court and filed a motion to compel arbitration.[6] In their Case Management Report the parties

---

[1] Middle District of Florida Case No. 6:18-cv-636-Orl-40TBS ("Pending Case"), docket entry 23.
[2] Id., docket entry 25.
[3] Middle District of Florida Case No. 6:17-cv-1662-Orl-40TBS (the "First Case"), docket entry 2.
[4] First Case, docket entry 2, ¶ 14.
[5] Id., at ¶¶ 15-16.
[6] Id., docket entries 1, 8.

said they had agreed to mediate this case by July 11, 2018.[7] The Court incorporated this agreement into its Case Management and Scheduling Order ("CMSO").[8]

On March 12, 2018, the Court remanded the case to state court after finding that Defendants had not met their burden to demonstrate that more than $75,000 was in controversy.[9] Following remand, the parties agreed to go ahead with mediation.[10] In preparation for the mediation, Plaintiff sent Defendants an email designated "<u>CONFIDENTAL: FOR MEDIATION PURPOSES ONLY</u>."[11] The email includes Plaintiff's theories of the case and copies of business records aggregating her medical bills, attempts to collect those bills, and federal tax records to show her lost income.[12] After Defendants received Plaintiff's email, they announced that they would be cancelling the mediation, and removed the case again, using the information Plaintiff had provided to establish that the amount in controversy exceeds $75,000.[13] Then, Defendants filed another motion to compel arbitration.[14] On May 31, 2018, I recommended that the motion to compel arbitration be granted and that this case be dismissed without prejudice.[15] The district judge has yet to act on my recommendation. In the meantime, Plaintiff seeks the imposition of sanctions against Defendants for having disclosed her pre-mediation email which she characterizes as her confidential mediation statement.[16]

This controversy results from Defendants' second removal of the case to this Court. It bears noting that Plaintiff does not deny her claim exceeds $75,000. Her

---

[7] Id., docket entry 22 at page 2.
[8] Id., docket entry 23 at 3.
[9] Id., docket entry 31.
[10] Pending Case, docket entry 23, ¶¶ 11-12.
[11] Id., docket entry 1-6 at 2-3 (emphasis in original).
[12] Id., at 4-17.
[13] Id., docket entry 1, ¶¶ 13-20; docket entry 23, ¶ 18.
[14] Id., docket entries 3, 17.
[15] Id., docket entry 22.
[16] Id., docket entry 23.

complaint is that Defendants should not have used the information she voluntarily furnished to them to establish this fact. Plaintiff fails to explain how she has been prejudiced by the removal of the case to this Court. And, if the district judge agrees with my recommendation, the case will go to arbitration. Having already found that the parties agreed to arbitrate this dispute, I assume the state court would also compel arbitration. So, I fail to understand how Plaintiff has been prejudiced.

Still, mediation is intended to be a confidential process. See 28 U.S.C. § 652(d);[17] M.D. FLA. R. 9.07(b);[18] FLA. STAT. 44.405(1);[19] FED. R. EVID. 408;[20] and the CMSO.[21]

---

[17] The statute states that: "Until such time as rules are adopted under chapter 131 of this title providing for the confidentiality of alternative dispute resolution processes under this chapter, each district court shall, by local rule adopted under section 2071(a), provide for the confidentiality of the alternative dispute resolution processes and to prohibit disclosure of confidential dispute resolution communications."

[18] The Court's Local Rule states: "All proceedings of the mediation conference, including statements made by any party, attorney, or other participant, are privileged in all respects. The proceedings may not be reported, recorded, placed into evidence, made known to the trial court or jury, or construed for any purpose as an admission against interest. A party is not bound by anything said or done at the conference, unless a settlement is reached."

[19] The statute provides: "Except as provided in this section, all mediation communications shall be confidential. A mediation participant shall not disclose a mediation communication to a person other than another mediation participant or a participant's counsel. A violation of this section may be remedied as provided by 44.406. If the mediation is court ordered, a violation of this section may also subject the mediation participant to sanctions by the court, including, but not limited to, costs, attorney's fees, and mediator's fees."

[20] The statute states:
(a) Prohibited Uses. Evidence of the following is not admissible--on behalf of any party--either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction:
   (1) furnishing, promising, or offering--or accepting, promising to accept, or offering to accept--a valuable consideration in compromising or attempting to compromise the claim; and
   (2) conduct or a statement made during compromise negotiations about the claim--except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority.
(b) Exceptions. The court may admit this evidence for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

[21] "All discussion, representations, and statements made at the mediation conference are privileged settlement negotiations. Except in a supplemental proceeding to enforce a settlement agreement, nothing related to the mediation conference shall be admitted at trial or be subject to discovery." First Case, docket entry 23 at 13-14.

- 3 -

These statutes, rules and the CMSO are primarily designed to ensure the confidentiality of settlement negotiations during and after the mediation conference. I note that the parties have not mediated this case.

Plaintiff relies on the holdings in Paranzino v. Barnett Bank, N.A., 690 So. 2d 725 (Fla. 4th DCA 1997), Mocombe v. Russell Life Skills & Reading Found., Inc., Case No. 12-60659-CIV-WILLIAMS, 2014 U.S. Dist. LEXIS 187847 (S.D. Fla. Oct. 31, 2014), and Leigh v. Avossa, No. 16-81612-CIV-Marra/Matthewman; No. 16-81624-CIV-Marra/Matthewman, 2017 U.S. Dist. LEXIS 133137 (S.D. Fla. Aug. 21, 2017). But, these cases are distinguishable on their facts.

In Paranzino, the parties signed an agreement that their upcoming mediation was confidential, and governed by the provisions of chapter 44, Florida Statutes and FLA. R. CIV. P. 1.700.[22] Following an unsuccessful mediation, the plaintiff and her lawyer disclosed plaintiff's version of the facts and defendant's offer to settle at mediation to the press.[23] The information was then published in an article about the case.[24] Florida's Fourth District Court of Appeal upheld the trial court's dismissal of plaintiff's claim with prejudice as a sanction for plaintiff's knowing and willful breach of the parties' confidentiality agreement and the applicable statue and rule of civil procedure.[25]

In Mocombe, after the parties attended mediation, the plaintiff posted defendant's settlement offer on his Facebook page.[26] By the time plaintiff took this action he had a history of violating court orders and sending "numerous threatening, abusive, and racially-

---

[22] 690 So.2d at 727.
[23] Id., at 726-27.
[24] Id.
[25] Id., at 728-29.
[26] 2014 U.S. Dist. LEXIS 187847, at 3.

- 4 -

charged communications directly to Defendants and their counsel."[27] The court, "[m]indful of the litigation history in this matter and the context in which this violation occurred [found] that dismissal with prejudice [was] the appropriate sanction for Plaintiff's willful violation of the mediation privilege."[28]

Leigh involved two related cases in which the same attorney's conduct had already caused the district court to report him to The Florida Bar and its own Grievance Committee.[29] On a motion for reconsideration of an order taxing attorney's fees against the attorney, he published a confidential mediation statement.[30] In denying the motion for reconsideration, the court found a violation of the rules applicable to mediation and said "[t]his pervasive pattern of Plaintiffs and Mr. Leigh violating the Local Rules must stop now."[31]

Unlike Paranzino, Mocombe, and Leigh, here, the parties have not entered into a pre-mediation agreement and Defendants did not reveal information that was communicated in confidence during mediation.[32] Plaintiff decided what information to furnish to Defendants and then transmitted it under cover decreeing that the information was confidential. Whether Plaintiff's declaration of confidentiality is enforceable has not been briefed or argued by the parties so I will not address the issue further.[33]

What matters is that the documents Plaintiff attached to her email all appear to be discoverable and she has not contended otherwise. Nor does Plaintiff argue that she can convert relevant, non-privileged information into confidential, privileged information simply

---

[27] Id., at 2.
[28] Id.
[29] 2017 U.S. Dist. LEXIS 133137, at 3.
[30] Id., at 6.
[31] Id., at 7.
[32] There is also no history of Defendants violating applicable rules or orders.
[33] For the same reasons, I do not address whether this motion for sanctions is more properly made to the arbitrator.

- 5 -

by incorporating it into a mediation statement. Even if that were possible (which I doubt), at least one court has permitted the use of confidential settlement communications to determine whether removal is proper. See Floyd v. Wal Mart Stores East, LP, No. 3:12-cv-336/RS-CJK, 2012 U.S. Dist. LEXIS 108962, *4 (N.D. Fla. Aug. 3, 2012) ("[C]onfidentiality does not bar the use of a confidential settlement demand for the purpose of satisfying the amount in controversy requirement of 28 U.S.C. § 1332.")

For these reasons, Plaintiff's motion for sanctions is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on June 21, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record